```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                         CRIMINAL NO. 3:05-CV-124BN

**JASON BONDS AND TWILLA
LASHON KING**

## OPINION AND ORDER

This cause is before the Court on the Motion for Reconsideration of the United States. Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

In an Opinion and Order dated January 13, 2006, (hereinafter "January 13 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 37, this Court granted Defendants' Motion to Suppress evidence seized during a search of Defendants' residence on June 8, 2004. Aggrieved by the holdings in the January 13 Opinion, the Government filed the subject Motion for Reconsideration on February 2, 2006. That Motion is now ripe for decision.

Because the Federal Rules of Criminal Procedure do not include a procedure governing motions to reconsider, the Court will consider the instant Motion under the standards of Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be

altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

 Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

In the subject Motion for Reconsideration, the Government presents two new arguments that were not previously considered by the Court. First, the Government argues that the inevitable discovery doctrine should apply. Second, because Jason Bonds was on probation, the Government contends that he had a reduced privacy right which allowed the Government to search the residence without a warrant.  The Government however provides the Court with no explanation as to why these arguments were raised neither in its original Response to the Motion to Suppress nor at the evidentiary hearing held on November 18, 2005.[1]  The Court therefore finds that the Government waived these new arguments and is now barred from raising them. Accordingly, after considering the factors set forth in Sturges, the Court finds that the Motion for Reconsideration should be denied.

IT IS THEREFORE ORDERED that the Motion for Reconsideration [docket entry no. 39] is hereby denied.

---

[1] In footnote two of its Motion for Reconsideration, the Government notes that in its *Supplemental Response* to the Motion to Suppress, filed on December 22, 2005, the Government asked that it be allowed to prove that the "search was reasonable and fell within an exception to the warrant requirement." That request too was untimely as the Government failed to make such arguments in its original Response or at the November 18, 2005, hearing. The *Supplemental Response* was only submitted in response to the Court's request for additional briefing on two specific issues – (1) which party had the burden of proof; and (2) whether Defendants could argue at trial that the search occurred without a warrant. The *Supplemental Response* therefore was not the proper forum for the parties to make new arguments.

SO ORDERED this the 15th day of March, 2006.

                                             s/William H. Barbour, Jr.
                                             UNITED STATES DISTRICT JUDGE